IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL PATRICK BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV326 |
| | ) | |
| OFFICE OF THE SHERIFF, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Sgt. Clarke and Officer Bogner (collectively "Defendants"). (Docket Entry 17.) Plaintiff Michael Patrick Burnett has not responded to Defendants' motion. For the following reasons, the undersigned recommends that Defendants' motion to dismiss be granted. The undersigned also recommends that Defendant the Office of the Sheriff and Defendant "Director of Nurses" be dismissed from the action.

**I. BACKGROUND[1]**

Plaintiff, a *pro se* pretrial detainee proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on April 26, 2022. (Compl., Docket Entry 2; *see also* Docket Entries 1, 3, 4.) In the Complaint, Plaintiff contends Defendants, the Office of the Sheriff

---

[1]The undersigned notes that Plaintiff has only checked the official capacity box for each of the named defendants. (*See* Compl.)

("Sheriff's Office"), and the "Director of Nurses" in their official capacities only violated his First, Fourth, Eighth and Fourteenth Amendment rights by placing him in a cell covered with feces and urine; injuring his left shoulder due to excessive force, as Defendants punched him, dragged him, and twisted his arm; and delaying medical treatment for his shoulder. (*See generally* Compl.)

Specifically, Plaintiff alleges that on January 21, 2022, he was detained at the Forsyth County Jail and placed in a holding cell pending processing. (Compl. at 4.)[2] He was in that holding cell from about 3 a.m. until 8 a.m. with shackles and handcuffs on. (*Id.*) Plaintiff further alleges that he eventually passed out and while he was unconscious "SRT Staff" claimed they told him to get up, but he does not remember that. (*Id.*) "SRT Staff" further claimed that Plaintiff stated that he was not going anywhere and from there "SRT's" grabbed him by his ankle shackles and began dragging him with the "chain part." (*Id.*)

Then Plaintiff hit the floor of the holding cell and he was very disoriented, but he realized that his ankles were bleeding, and that he was in a holding cell with about six SRT officers yelling at him to get up. (*Id.* at 6.) Plaintiff was still in handcuffs and shackles--posing no threat--and asked why the officers were dragging him. (*Id.*) The SRT officers told him to "get the fuck up now," and Plaintiff stated that he was not getting up because the officers had "no right to drag [him]." (*Id.*) After Plaintiff stated that, four officers picked him up by the handcuffs and shackles, wherein he screamed in pain as one handcuff was cutting into his wrist, and he told the officers to put him down. (*Id.*) However, the officers did not put him

---

[2]Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

down, and Plaintiff started "twisting" his body so that the officers would drop him. (*Id.*) He also informed the officers that he had a "tear" in his shoulder and that they were hurting him. (*Id.*) Plaintiff was then placed in a chair, roughly strapped down, and put in another cell. (*Id.*) Defendants then picked Plaintiff up and slammed him on the cell floor. (*Id.*) Defendant Bogner sat on Plaintiff's back while Plaintiff's handcuffs were being removed. (*Id.*) Once Plaintiff's restraints were removed, Defendant Bogner twisted Plaintiff's left arm up towards the back of Plaintiff's head and Plaintiff began yelling and crying due to the pain. (*Id.*) Then Plaintiff's clothes was ripped off of him and he had a "struggle[]" with Defendant Clarke, as Plaintiff thought he was being raped. (*Id.*) Plaintiff also alleges that Defendants were punching him at "some point." (*Id.*)

Subsequently, he remained in that cell "butt naked" for about three to five days with no sheets or blankets. (*Id.* at 5.) He also never ate anything while he was in that cell because of the feces and urine in the cell. (*Id.*) Additionally, the water was "cut off" and the toilet did not work. (*Id.*) Thereafter, Plaintiff asked for medical several times due to his shoulder pain and going through drug withdrawal. (*Id.*) Once Plaintiff was "let out" of that cell, he was processed and given Subutex to help with the withdrawal. (*Id.*) However, he alleges that he did not receive medical attention for his shoulder pain and rotator cuff pain for nineteen days after the incident. (*Id.*) Plaintiff also alleges that once he was moved to the medical unit, he was given an arm sling and pain medication, and that the doctors wanted to see if his shoulder would heal on its own. (*Id.*) His x-ray showed "nothing [was] broken," but that there was a possible rotator tear and inflammation. (*Id.* at 7.) Plaintiff also alleges that until February 18,

3

2022, he walked around without "under clothes" because the officers ripped off his under clothes, i.e., socks, boxers, and t-shirt. (*Id.* at 5.)

Plaintiff further alleges that he suffers from consistent shoulder pain even though he was given pain medication, and an arm sling. (*Id.* at 7.) For relief, Plaintiff seeks damages. (*Id.* at 7-8.) Plaintiff also subsequently submitted numerous documents docketed as a "supplement" to the Complaint. (Docket Entries 3, 3-1.) Those documents included sick call requests and grievance forms related to his shoulder pain and similar allegations regarding the January 21, 2022 incident. (*Id.*)

Thereafter, Defendants filed their motion to dismiss and supporting brief. (Docket Entries 17, 18.) The Clerk of Court issued a *Roseboro* letter to Plaintiff advising him of his right to respond to Defendants' motion to dismiss. (*See* Docket Entry 19.) Subsequently, Plaintiff filed a document requesting an extension of time to respond to Defendants' motion. (*See* Docket Entry 22.) The Court then granted Plaintiff's request, allowing Plaintiff until May 17, 2023, to file a response to Defendants' motion to dismiss, and warning Plaintiff that there would be no further extension of that deadline. (*See* Text Order dated 4/17/2023.) The Court also as a courtesy ordered the clerk to send Plaintiff a copy of Defendants' motion and brief along with the Court's order. (*Id.*) To date Plaintiff has not responded.

## II. DISCUSSION

### A. <u>Defendants' Motion to Dismiss</u>

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Docket Entries 17, 18.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

4

A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided

5

by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

In the present case, Defendants argue, *inter alia*, that Plaintiff's Complaint fails to state a claim against them in their official capacities because he fails to identify any policy or custom on behalf of the Sheriff's Office that caused him any injury. (*See generally* Docket Entry 18.)

Upon further review, the undersigned concludes that Plaintiff's Complaint fails to state a claim against Defendants. As stated above, to survive a motion to dismiss, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Additionally, a plaintiff suing government officials in their official capacities, "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law. *Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017) (unpublished per curiam). In keeping with these principles, Plaintiff's official-capacity claims against Defendants are actually claims against the Forsyth County Sheriff's Office. *See McNeill v. Scott*, No. 1:09CV698, 2015 WL 4946542, at *7 (M.D.N.C. Aug. 19, 2015) (unpublished), *report and recommendation adopted*, 2015 WL 5599194 (M.D.N.C. Sept.

6

22, 2015) (unpublished). As such, Plaintiff fails to state official-capacity claims against Defendants, given that he does not proffer allegations suggesting that a Forsyth County Sheriff's Office policy or custom caused Defendants to allegedly use excessive force when moving Plaintiff to another cell; to place him in a cell covered with feces and urine that had no water; to rip his underclothes off; or to delay medical treatment for his shoulder and "rotator cuff" pain. (*See generally* Compl.) Therefore, Defendants' motion to dismiss should be granted for this reason.

## B. <u>Remaining Defendants[3]</u>

Plaintiff also names as defendants the Sheriff's Office and "Director of Nurses" in their official capacities only. (*See* Compl.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court-

---

[3]Even if Defendant Sheriff's Office and Defendant "Director of Nurses" had been identified and served, Plaintiff nonetheless fails to state a claim against either Defendant, given that he names these Defendants in their official capacities only. As previously stated, official capacity claims represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky*, 473 U.S. at 165. However, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law. *Pratt-Miller*, 701 F. App'x at 193. Here, as previously discussed, Plaintiff fails to allege any facts indicating that the Forsyth County Sheriff's Office policy or custom caused any of the alleged violations. Therefore, Plaintiff fails to state a claim against Defendant Sheriff's Office. Similarly, Plaintiff names the "Director of Nurses" and indicates that they are employed by the Forsyth County Jail. (Compl. at 3.) To the extent that Forsyth County is the governmental entity that employs the "Director of Nurses," Plaintiff fails to allege any facts indicating that a policy or custom of Forsyth County caused Plaintiff's alleged delayed medical treatment for his shoulder pain. However, to the extent the "Director of Nurses" is employed by a private medical provider, the standard applied to governmental entities applies to private entities that employ individuals acting under the color of state law, such as a private corporation serving as a prison health care provider. *See Michelson v. Wellpath*, No. 1:20CV155, 2021 WL 3354170, at *3 (W.D.N.C. Aug. 2, 2021) (unpublished). "A private company is liable under § 1983 'only when 'an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" *Id.* Here, Plaintiff has provided no factual allegations suggesting that a policy or custom of a private medical provider caused his alleged delayed medical treatment for his shoulder pain. As such, Plaintiff also fails to state a claim against the "Director of Nurses."

-on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m); *see also Mack v. Jackson*, No. 9:18CV1081, 2021 WL 822328, at *1 (D.S.C. Jan. 11, 2021) (unpublished) (same), *report and recommendation adopted*, 2021 WL 613827 (D.S.C. Feb. 16, 2021) (unpublished).

Here, Plaintiff filed the Complaint on April 26, 2022, and the supplement thereto on June 22, 2022. (*See* Docket Entries 2, 3, 3-1.) However, neither Defendant Sheriff's Office nor Defendant "Director of Nurses" have been served as of today's date, which is well beyond the ninety-day requirement of Rule 4(m). (*See* Docket Entry 8.) Furthermore, the Court warned Plaintiff that dismissal of the action would result as to all unserved defendants after ninety days from the filing of the Complaint. (*See* Docket Entry 5.) Thus, given that Plaintiff has failed to serve Defendant Sheriff's Office and Defendant "Director of Nurses" within the time specified in Rule 4(m), the undersigned recommends their dismissal from the action.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants Sgt. Clarke and Officer Bogner's motion to dismiss (Docket Entry 17) be **GRANTED** and that the claims against Defendants be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant the Office of the Sheriff and Defendant "Director of Nurses" be dismissed without prejudice.

/s/ Joe L. Webster
United States Magistrate Judge

July 21, 2023
Durham, North Carolina